IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. LOWERY,<br><br>   Petitioner,<br><br>v.<br><br>MIKE EVERETT,<br><br>   Respondent. | Case No. 3:21-CV-537-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Petitioner Donald E. Lowery, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Illinois River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner Lowery pled guilty to indecent solicitation of a child in Wayne County, Illinois, in May 2021. *People v. Lowery*, Case No. 2018-CF-122 (2nd Judicial Circuit). He was confined at the Wayne County Jail at the time he filed his petition under 28 U.S.C. § 2254 (Doc. 1, p. 24). A motion filed in August 2021 indicates that he is now detained in Illinois River Correctional Center. (Doc. 6).

  This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that this action must be dismissed.

Lowery appears to challenge his guilty plea and complains of the effectiveness of his counsel. He cannot challenge via a Section 2254 petition at this time, however, because he has not exhausted his state remedies. Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). This includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

Additionally, absent special circumstances the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), directs that this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here.

The electronic docket[1] in the state case indicates that Lowery has a pending motion to withdrawal his guilty plea, and a case management conference is scheduled for August 23, 2021. As the state case is clearly pending, the Court finds no special circumstances to warrant federal interference in the case. Accordingly, the Petition shall be dismissed without prejudice to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state court.

---

[1] The state court record is publicly available at https://www.judici.com.

For these reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**. All other pending motions are **DENIED as moot**.

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Except in special circumstances, a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). Here, a certificate of appealability shall **NOT** be issued. Petitioner has no basis for a determination that the Court's decision is debatable or incorrect because Petitioner has not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C § 2253.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Petitioner wishes to appeal the dismissal of this action, the notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on their prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED:   August 18, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**